## De Gregorio v. Ice Skating Rink Class of 1923

*Phillip H. Baer*, for plaintiffs.
*David Prewitt*, for defendants.

TRANCHITELLA, *J.*, November 6, 1978—On or about August 5, 1976, plaintiffs' counsel served on defendants' counsel interrogatories. Subsequent thereto, on October 14, 1976, plaintiffs filed a certification of service of notice of intent to file and praecipe for interlocutory order under Philadelphia Court Rule 145 (Pa.R.C.P. 4005*(d)), and an order directing answers to the interrogatories within 30 days. On August 11, 1977, judgment by default was entered upon the filing of the certification of service

and a supplemental praecipe to enter interlocutory order. On August 17, 1977, defendants filed answers to plaintiffs' interrogatories. Defendants then filed a petition to strike the default judgment which this court denied on March 28, 1978.

Defendants allege in their petition and motion that plaintiffs failed to comply with the procedure required by Pa.R.C.P. §4005*(d). The burden of notice is strictly placed on the party seeking the sanctions. Defendants' counsel in its memorandum attached to the motion filed admits receiving in May of 1977 notice of the interlocutory order filed in August of 1976.

In the cases of Beloyan v. Collins, 64 D. & C. 2d 265 (1973), and Tonnietti v. Herring, 68 D. & C. 2d 715 (1974), both cited by defendants, it is clearly stated that the requirement of notice on the opposition was strictly enforced under Rule 4005*(d) and the burden of proving same was on the party seeking the sanctions. In Tonnietti v. Herring, supra, the court held that a default judgment could not be entered until service was made of the notice of the filing of the interlocutory order. This court must conclude, by defendants' admission, that notice existed, as well as actual knowledge of the order by defendants sometime during May of 1977.

The procedure set forth in Pa.R.C.P. 4005*(d) (Philadelphia Court Rule 145) does not require notice of the filing of a supplemental praecipe and certification of service. Defendants had the option of filing a motion to extend the time limit in which to file the answers to the interrogatories or request plaintiffs to agree to the extension. Here, defendants did neither, and this court must apply Pa.R.C.P. 4005*(d) to the facts and permit the default judgment to stand and deny defendants' motion to strike same.